ELIZABETH MARK, ET AL., *v.* WILLIAM LITTLE, ET AL.

**Infants—Service of Process Upon—Description of Real Estate—Judgment.**
> No judgment can be legally rendered against infants in a proceeding to sell their lands where no guardian ad litem is appointed to defend them.

**Judgment.**
> A judgment for the sale of land should set forth an accurate description of the land to be sold so that it may be identified by reference to the judgment.

APPEAL FROM BATH CIRCUIT COURT.

October 29, 1874.

OPINION BY JUDGE COFER:

No guardian *ad litem* was appointed to defend for the infant defendant on the cross-petition of the administrator against them and the creditors of the intestate, R. W. Mark, and no judgment could, for that reason, be legally rendered on the cross-petition to sell the

land.  As the judgment was to sell the whole tract and for more than the debt due to the plaintiff, Little, the judgment directing a sale was erroneous and prejudical to the rights of the infant appellants, who could not be thus divested of title without defense by a guardian.  Sec. 55, Civil Code.

The only description of the land sold is as follows: "A tract of land lying and being in the county of Bath, on the waters of Flat Creek, which was sold and conveyed by the obligee, Anna E. Laughlin, to the said R. W. Mark by deed * * * now of record in the Bath County Court clerk's office, a copy of which is herewith filed as part hereof, and is here referred to for a more full and complete description of the same.  * * * That there are in said tract of land 71 acres, 1 rod and 28 poles."  Although the deed is copied into the record by the clerk, there is nothing to show that it was filed with the petition, or in the record, but assuming that it was on file when the judgment was rendered, we think the better and safer practice is to set forth in the petition and in the judgment, and certainly in the latter, an accurate description of the land to be sold, so that it may be identified by reference to the judgment, which is the only paper the commissioner should have to look to in order to determine what land he is authorized to sell.  The practice of selling lands by loose and indefinite description is calculated to produce confusion and uncertainty in the boundaries of land, and to increase litigation and render land title insecure.  It is true that it is not probable that such evils would result in this case, but we can not, on that account make this an exception to a necessary general rule.

Whether this suit was prematurely brought or not is a question not necessary to be decided, for as no objection was taken in the circuit court upon that ground, it has been waived; and if this be not the case, still, as the administrator had a right to sue for a settlement at any time, and as he has done so by his cross-petition, the court may proceed to sell upon taking the necessary preliminary steps to authorize a judgment against the infants for a sale of the land.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to set aside the judgment ordering a sale of the land and the order confirming the sale, and to set aside the sale and cancel the sale bonds, and for further proceedings not inconsistent with this opinion.

*Nesbitt & Gudgell, for appellants.*
*Lacy & Hunt, for appellees.*